### Tappan *vs.* The Western and Atlantic Railroad.

[This case was argued at the last term, and the decision reserved.]

Prior to the incorporation of the Western and Atlantic Railroad Company, the Western and Atlantic Railroad being the property of the state, its method of business was regulated by law, and its superintendent had no power to make contracts involving more than $3,000.00, without the written approval of the governor.

Western and Atlantic Railroad. Actions. Contracts. Before Judge Hillyer. Fulton Superior Court. March Term, 1878.

Reported in the decision.

E. N. Broyles, for plaintiff in error, cited Code, §971. Presumption that officer did his duty, 1 *Kelly*, 3–5 ; 1 Gr. Ev., §40 ; 12 Wheat., 69–70 ; 1 *Kelly*, 279 ; 6 *Ga.*, 188 ; 32 *Ib.*, 114 ; 39 *Ib.*, 22    45 *Ib.*, 414.

R. N. Ely, attorney-general, for defendant, cited as

follows : W. & A. R. R. no corporation when contract made, legislation as to it, Cobb's Dig., 401, 402, 404, 100–114; 92 U. S. R., 665 ; 37 *Ga.*, 240 ; 23 *Ib.*, 436 ; 19 *Ib.*, 543 ; Code, §§968–986, 1002. No authority in superintendent to make this contract, 56 *Ga.*, 577 ; 2 Hill (N. Y.), 174 ; 8 Paige, 526 ; 7 Wallace, 676–677 ; 12 Wheaton, 559 ; 23 La. An., 267 ; 15 Peters, 377 ; 46 *Ga.*, 350 ; 40 *Ib.*, 418 ; 9 Cush., 343 ; 8 Wend., 496 ; 23 Pick., 302 ; 8 Met., 456 ; 3 Head, 619, 229 ; 4 Sneed, 53–55 ; 1 *Ib.*, 69 ; 12 Ala., 252 ; 1 Taunt., 346 ; 7 Mees. & Wels., 595 ; 1 Dan. on Neg. Ins., 262–271, 373, and cases cited ; 2 Ala., 718 ; 60 *Ga.*, 277 ; 31 *Ib.*, 371. Strict construction, Byles on Bills, 22 (marg.); Story on Ag., §§62–67, 307 *a* ; 1 Dan. on Neg. In., 440 ; 1 N. H., 270 ; 4 Wheaton, 636 ; 62 Me., 338 ; 26 *Ib.*, 306 ; 20 Md., 1 ; 2 Nott & Hun., 144 ; 10 Wis., 518 ; 12 Iowa, 142 : 1 Nott & Hun., 270 ; 52 Mo., 578 ; 5 Nott & Hun., 71. Innocent holder, 1 Dan. on Neg. In., 377 ; 2 Haw., 441 ; 12 Kan., 186 ; 14 Wall., 282 ; 1 *Ib.*, 83, 175 ; 5 *Ib.*, 772 ; 35 N. Y., 505 ; 52 *Ga.*, 211 ; 18 Grat., 750 ; 8 Paige, Ch., 750, 526. *Ultra Vires*, 101 Mass., 57 ; 22 N. Y., 290 ; 97 Mass., 494 ; 10 Wall., 682 ; 2 Hill, 174 ; Story on Ag., §307 *a* ; 55 *Ga.*, 672 ; Field on Corp., §384 ; 7 Man. Grang. & Scott, 101 ; 9 Cranch, 213 ; Code, §1982 ; 37 *Ga.*, 240 ; 34 *Ib.*, 543. No answer to say there is now no superintendent, acts 1871–2, p. 79 ; 59 *Ga.*, 446.

WARNER, Chief Justice.

It appears from the record and bill of exceptions in this case, that the plaintiff sued the defendant on two promissory notes for the sum of $18,006.57 principal, besides interest, one of said notes being for the sum of $12,006.57, dated 8th of July, 1870, and payable eight months after date, the other being for the sum of $6,000.00, dated 25th of July, 1870, and payable five months after date—both of said notes being made payable to E. N. Kimball, manager, or order, at

the office of Henry Clews & Co., 32 Wall street, New York, and signed, " The Western and Atlantic Railroad, by Foster Blodgett, superintendent," and indorsed by E. N. Kimball, manager.    The defendant demurred to the plaintiff's declaration, which demurrer was sustained by the court, and the plaintiff excepted.

At the time the notes were made, the Western and Atlantic railroad was the property of the state, and had not been incorporated.   By the public law of the state defining the powers of the superintendent of its railroad, he did not have the power to make contracts for the purchase of machinery, cars, materials, workshops, or other contracts necessary for the general working and business of the road, for any amount exceeding three thousand dollars.   All contracts over that amount made by the superintendent of the road, in order to be valid and binding contracts upon the state, or its road, were required to have the approval of the governor of the state in *writing*—Code, §971.   The contracts sued on as having been made by the superintendent being for more than three thousand dollars, he had no legal power or authority to make the same without the approval of the governor in *writing*, and there is no pretense that such approval by the governor was ever had to the contracts set forth in the plaintiff's declaration, and there was no error in sustaining the defendant's demurrer thereto.

Let the judgment of the court below be affirmed.

[This case was argued at the last term and the decision reserved.]